**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

NATHAN JAMES MOSS                                                                             PETITIONER
*Reg #29380-031*

v.                                          2:22-cv-00206-BSM-JJV

JOHN YATES, *Warden*,                                                                         RESPONDENT
*FCI Forrest City-Medium*

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

I.   **BACKGROUND**

Nathan James Moss ("Petitioner"), an inmate at the Bureau of Prisons' Federal Correctional Institution Forrest City ("FCI Forrest City"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se*. (Doc. No. 1.) On May 1, 2019, Mr. Moss was sentenced to 60 months' imprisonment on the charge of Felon in Possession of a Firearm followed by three years of supervised release. *USA v. Moss*, No. 6:18-cr-10130-JWB-1 (D. Kan. May 1, 2019) (Doc. No. 24). In the Petition for Writ of Habeas Corpus now before the Court, Mr. Moss

raises two claims. First, he argues that the Bureau of Prisons' ("BOP") refusal to run his state court sentence concurrent to his federal sentence violates his rights of due process and equal protection. (Doc. No. 1 at 6.) Second, he alleges that the BOP has not given him credit toward his federal sentence for the time he spent in federal pre-trial custody, in violation of his rights of due process and equal protection. (*Id*.)

I have conducted a preliminary review of Mr. Moss' Petition for Writ of Habeas Corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition be dismissed with prejudice.

## II. FACTS

On August 18, 2018, Mr. Moss was arrested by Kansas law enforcement and several state charges were brought against him. (Doc. No. 6 at 1.) Weeks later, on September 12, 2018, additional state charges were filed against Mr. Moss. (*Id*.) On September 19, 2018, he was federally indicted on one count of Theft from a Licensed Firearms dealer, two counts of Felon in Possession of a Firearm, and one count of Unlawful Possession of a Silencer. *USA v. Moss*, No. 6:18-cr-10130-JWB-1 (D. Kan. September 19, 2018) (Doc. No. 1). On September 28, 2018, the United States Marshals Service ("USMS") took custody of Mr. Moss pursuant to a writ of habeas corpus *ad prosequendum*. (*Id*. at Doc. No. 4.) Mr. Moss remained in the temporary custody of the USMS. (Doc. No. 6 at 1.) On April 29, 2019, he was sentenced to 60 months' imprisonment followed by three years of supervised released on one count of Felon in Possession of a Firearm. *Moss*, No. 6:18-cr-10130-JWB-1 (Doc. No. 24).

On May 16, 2019, Mr. Moss was returned to state custody and the USMS lodged a federal detainer. *USA v. Moss*, No. 6:18-cr-10130-JWB-1 (D. Kan. May 22, 2019) (Doc. No. 27). On November 18, 2019, the Cherokee County District Court sentenced him to ten months'

imprisonment in the Kansas Department of Corrections. (Doc. No. 12-1.) The sentencing order made no mention of Mr. Moss' federal sentence. (Doc. No. 12-1 at 4.) Two months later, on January 17, 2020, the Crawford County District Court sentenced Mr. Moss to an additional ten months' imprisonment. (Doc. No. 12-2.) The state court judge authorized this January 17, 2020, conviction to run concurrent with his federal sentence. (*Id.*) On May 22, 2020, Mr. Moss satisfied his state sentences and was released from state custody to the USMS on the federal detainer. (Doc. No. 12-3 at 1.) The Bureau of Prisons has calculated Mr. Moss' release date as February 7, 2024. (Doc. No. 6 at 2); Find an Inmate, Federal Bureau of Prisons, www.bop.gov/inmateloc/.

On October 15, 2020, Mr. Moss submitted a "'request to staff form' to his case manager requesting time credits toward service of his federal sentence." (Doc. No. 1 at 13.) According to Mr. Moss, he waited two weeks and never received a response. (*Id.*) He then completed a step one grievance and gave it to an "'unknown' correction officer to be processed", but never received a response. (*Id.*) Mr. Moss then sent a letter to FCI Forrest City's records department requesting the same relief he seeks in his Petition. (*Id*. at 14.)

In response, the BOP contacted the federal sentencing court to determine whether the court intended Mr. Moss' federal sentence to run concurrent with or consecutive to his state sentence. (Doc. No. 6-2). Sentencing judge United States District Judge John Broomes expressed his intent that the sentences be run consecutively. (Doc. No. 6-3). Based upon the district judge's response and an analysis of the factors outlined in 18 U.S.C. § 3621(b), the BOP determined that Mr. Moss would not receive a retroactive designation. (Doc. No. 1 at 33.) In other words, his request for time credit toward his federal sentence was denied.

Mr. Moss then filed this Petition for Writ of Habeas Corpus alleging that the BOP's failure to run his state sentence concurrent to his federal sentence and its failure to award him credit for

3

the time he spent in federal pre-trial custody violates his rights of due process and equal protection. (Doc. No. 1 at 6.)

### III. ANALYSIS

  *a. State Concurrent Sentence*

First, Mr. Moss argues that the BOP's refusal to run his state court sentence concurrent to his federal sentence violates his rights of due process and equal protection. (Doc. No. 1 at 6.) 18 U.S.C. § 3584(a) governs the imposition of concurrent or consecutive terms, and contemplates that a federal judge may order multiple terms of imprisonment to run concurrently or consecutively when those terms are imposed at the same time. As the United States Court of Appeals for the Eighth Circuit pointed out, that statute "[does] not expressly address whether federal courts may decide to order a federal sentence to be served concurrent to or consecutive with a state prison sentence *that has not yet been imposed*." *Fegans v. U.S.*, 506 F.3d 1101, 1103 (8th Cir. 2007). But the Supreme Court of the United States determined that "if a prisoner…starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government – whether the district court or the Bureau of Prisons – that decides whether he will receive credit for the time served in state custody." *Sester v. U.S.*, 566 U.S. 231, 241, 132 S.Ct. 1463, 1471 (2012).

This holding did not confer upon the BOP any "sentencing authority", but merely recognized the BOP's power, pursuant to 18 U.S.C. § 3621(b), to designate a state institution as a place a defendant convicted of a federal offense can serve his federal sentence.[1] *Elwell v. Fisher*, 716 F.3d 477, 483-484 (8th Cir. 2013); *Sester*, 566 U.S. at 239. And the BOP carries out this

---

[1] In reviewing *Sester*, the Eighth Circuit found "nothing in *Sester* suggesting that the BOP's traditional role of applying the factors of § 3621 [was] somehow usurped." *Elwell*, 716 F.3d at 487.

power by making *nunc pro tunc* designations "that have the effect of making a federal sentence concurrent to a later-imposed state sentence." *Fegans*, 506 F.3d at 1104.

In making this designation determination, § 3621(b) provides that the BOP "may designate any available penal or correctional facility that meets minimum standards of health and habitability…whether maintained by the Federal Government or otherwise…that the Bureau determines to be appropriate and suitable." 18 U.S.C. § 3621(b). The statute provides five factors that the BOP must consider in making this determination: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence either concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. § 3621(b)(1)-(5).

In response to § 3621(b), the BOP promulgated Program Statement 5160.05(8)(a) to "provide instructions for the designation of a state institution for concurrent service of a federal sentence." Dept. of Justice, BOP, Program Statement No. 5160.05: Designation of State Institution for Service of Federal Sentence 4 (Jan. 16, 2003). State institutions will be so designated when doing so "is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." *Id*. In making this determination, the BOP considers several factors that encompass the factors listed in § 3621(b). *Id*.

And that is exactly what the BOP did in Mr. Moss' case. The BOP treated his request as a request for a *nunc pro tunc* designation and examined it under the § 3621(b) factors. (Doc. No. 1 at 33.) The BOP considered factor two, the nature and circumstances of Mr. Moss' offense; factor

three, the history and characteristics of Mr. Moss; and factor four, the opinion of the sentencing court. (*Id*.) The BOP concluded that "a retroactive designation was not appropriate" considering those factors. (Doc. No. 1 at 33.) Although the decision states that factors two and three were considered, the Court recognizes that not much detail was provided. However, it is apparent Mr. Moss' claim was evaluated pursuant to § 3621(b).

Regarding factor two, the nature and circumstances of the offense, the underlying federal offense involved a firearm. *USA v. Moss*, No. 6:18-cr-10130-JWB-1 (D. Kan. May 1, 2019) (Doc. No. 24). As for factor three, the history and characteristics of the prisoner, although his institutional disciplinary infractions are unknown, the Court has some insight into his criminal history. From this record alone, Mr. Moss was charged in two separate Kansas state felony cases and was federally indicted within the span of approximately one month. (Doc. No. 6 at 1.) He later pleaded guilty in all three cases. (*Id*. at 1-2.) And factor four, the position of the sentencing court, could not be more explicit. Sentencing judge United States District Judge John Broomes opined that although "the court was silent as to whether Mr. Moss' sentences were to be served consecutively or concurrently", the BOP "would be following the intent of the sentencing court by running the sentences consecutively." (Doc. No. 6-3).

The Eighth Circuit described the BOP's discretion under § 3621(b) as substantial, finding that the BOP's decision must be upheld if it appears the "BOP carefully considered the relevant factors and acted in accordance with the program statement." *Fegans*, 506 F.3d at 1105. It is clear that the BOP considered the relevant § 3621(b) factors and acted in accordance with the program statement in reaching its decision. Accordingly, the BOP did not abuse its discretion in denying Mr. Moss' request for *nunc pro tunc* designation.

    b. *Presentence Credits*

Mr. Moss next alleges that the BOP failed to award him credit toward his federal sentence for the time he spent in federal pre-trial custody, which violates his rights to due process and equal protection. (Doc. No. 1 at 6.) 18 U.S.C. § 3585(b) provides, "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence."

Mr. Moss was in temporary federal custody pursuant to a writ of habeas corpus *ad prosequendum* from approximately September 28, 2018, until May 16, 2019. *Moss*, No. 6:18-cr-10130-JWB-1 (Doc. Nos. 4, 27). And the Bureau of Prisons awarded him credit for that time period. (*See* Doc. No. 12-4.) The BOP also awarded him credit for the period of August 18, 2018, through September 11, 2018. (*Id.*) Therefore, Mr. Moss' belief that the BOP failed to award him credit for the time he spent in federal pre-trial custody is incorrect.

The remaining time Mr. Moss spent in pre-trial custody was from September 12, 2018, through September 28, 2018, and May 15, 2019, through November 19, 2019. During that time, Mr. Moss was in the primary custody of the state of Kansas, incarcerated in state facilities. It is evident from the state sentencing orders that those time periods were credited against his state sentences. (*See* Doc. No. 12-1 at 4; Doc. No. 12-2 at 4.) And Congress has "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). *See also United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991) (per curiam) (where a defendant receives credit against a state sentence for time spent in state custody, he is not entitled to credit the same time against a federal sentence). For the remaining time periods

7

at issue, Mr. Moss received credit against his state sentences. Therefore, that time may not be credited against his federal sentence too.

I realize Mr. Moss may perceive my findings as an unfairly technical "gotcha" mechanism to keep him out of court and extend his stay at the BOP. However, that is not the case. For the law is clear that although criminal defendants are to be awarded credit for the time spent in official pre-trial detention, they can only receive such credit toward one sentence. Accordingly, as Mr. Moss has received credit toward his federal and state sentences for the entirety of his stay in pre-trial custody, I recommend the Petition be DISMISSED with prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Moss' § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

DATED this 15th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE